# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 8:13-CV-00350 |
| v. | ) |
| | ) |
| LCW FAMILY LIMITED PARTNERHSIP; LCW MANAGEMENT CORPORATION; GREGORY NELSON; and NANCY WALLACE. | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

The parties expect the disclosure of documents in this case may involve the exchange of sensitive information, including, <u>inter alia</u>, medical information, financial and tax information, other personal or business financial information, personally identifying information with respect to students or employees, and/or other information that would be subject to protection from public disclosure pursuant to the Privacy Act, 5 U.S.C. § 522a.  Accordingly, the parties have stipulated to the entry of a protective order.  The parties have further agreed that certain forms of contact between Defendants and witnesses for the United States can and should be avoided.

Based on the parties' stipulation, a protective order is hereby entered as follows:

**I.**     **Contact Between Defendants and Witnesses or "Aggrieved Persons"**

1. Defendants and their agents, employees or anyone operating on their behalf or at their direction (excluding counsel of record and their employees) shall not contact or attempt to contact any persons identified by the United States, whether in its initial disclosures or other discovery responses, as victims of or witnesses to Defendants' alleged discriminatory housing practices.

## II. Treatment of Confidential Information

2. All documents containing information that is to be considered confidential information pursuant to this Order shall be marked "CONFIDENTIAL" in large letters on the first page and on each page of the document on which confidential information is contained. If a multi-page document is deemed to be confidential in its entirety, a party may so indicate by marking "CONFIDENTIAL – ENTIRE DOCUMENT" in large letters of the first page of the document. Any party involved in this case, or counsel for such party, may designate as confidential any document, testimony, or information disclosed, or to be disclosed, or portion thereof, if the material includes sensitive information. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

3. Any party in this case, or counsel for such party, may designate as confidential its responses to interrogatories by labeling each response "CONFIDENTIAL."

4. Counsel for any party in this case may designate deposition testimony or any portion of deposition testimony as confidential by advising the court reporter and counsel of such designation during the course of the deposition.

5. Whenever any material designated as confidential is identified as an exhibit in the above-captioned case, it shall be marked "CONFIDENTIAL" and it shall be subject to all of the requirements of this Confidentiality Agreement.

6. Inadvertent failure to designate a document as "CONFIDENTIAL" may be corrected by supplemental written notice given as soon as practicable.

7. The parties must have a good-faith basis in fact and law to designate the material as confidential. For example, the parties will not designate any publicly-available material as confidential.

8. The parties shall act in good faith when determining whether any documents they intend to disclose may contain confidential information and shall make a good-faith effort to designate any such material as being "Confidential," including but not limited to social security numbers and medical/healthcare-related information.

9. The parties shall treat as confidential any information related to the medical history and/or treatment of any aggrieved person identified by the United States or any person identified by Defendants as having information relevant to this litigation, regardless of the method by which such information was obtained and regardless of whether such information has been disclosed in any manner prior to the date of this Order. Without limiting the foregoing, any of the parties' discovery requests or responses that reference, contain, or attach information or documents related to such medical history and/or treatment are hereby designated as confidential and subject to the provisions of this Order. The fact that such information is not marked as "Confidential" or that it was received by a third party or disclosed prior to the entry of this Protective Order shall not alter the parties' obligations under this paragraph.

10. If any party objects to the designation of any information as confidential, that party shall meet and confer with opposing counsel within twenty (20) business days of receipt of this objection in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the party designating the material as confidential may move to have the Court declare the contested information confidential. Either party shall retain the right to object to the designation of any information or document at any point during the pending litigation, up to the final pre-trial conference.

11. Confidential information includes all material designated confidential, pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials, including but not limited to charts, tables, graphs, and models.

12. If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

13. In any judicial proceeding in which confidential information may become a part of a written submission to the Court, the parties will (1) delete the confidential information or (2) provide reasonable notice of the submission to opposing counsel so that opposing counsel can seek, if necessary, an order from the Court protecting the confidentiality of the document – including an order that the document be filed under seal – subject to the Court's review on a document-by-document basis.

14. If confidential testimony or information is contained in the body of any filings or submissions to this Court (e.g., if confidential material is directly quoted or summarized), the entire filing or submission shall be made under seal.

15. Access to confidential information and documents shall be limited to individuals who must handle those documents for purposes of this litigation. Individuals authorized to handle confidential information and documents (hereinafter "qualified persons") are as follows:

    a. The Court and officers of the Court;

    b. Court reporters and their assistants and administrative staff;

    c. Counsel for the United States, including Department of Justice (DOJ) attorneys, paralegals, administrative staff, and other DOJ employees or contractors;

    d. Defendants and counsel for Defendants, including attorneys, paralegals, administrative staff, or contractors employed or contracted by Fraser Stryker PC LLO;

    e. Any mediator used to attempt resolution of this litigation;

    f. Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action; and

    g. Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in this litigation.

All contractors, witnesses, experts, and consultants who will review confidential information must first execute the Acknowledgment of Confidentiality Agreement attached as Exhibit A, stating that they will abide by the terms of this agreement. For all witnesses which the parties are required to disclose, a copy of this agreement shall be provided to opposing counsel no later than the disclosure of the witness list for trial.

16. The "qualified persons" identified in paragraph 15 shall not permit disclosure of confidential information to anyone who is not also a "qualified person." Unless counsel of

record for the party producing the confidential information consents in writing to any other use, such information shall be used solely in connection with the prosecution or defense of the action.

17. Except as provided for herein, no person having access to confidential information shall make public disclosures of that material without further order of this Court.

18. No party to the above-captioned case, for itself or any other person acting on its behalf, shall make more copies of any confidential material than are reasonably necessary to conduct this litigation.

19. Except upon prior written consent of the party or counsel for the party asserting confidential treatment, or upon further order of this Court, information designated as confidential shall be held in strictest confidence and shall be kept securely.

20. Upon conclusion of this case, including any subsequent appeals, all originals and copies of confidential material (and all summaries thereof) shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (i) otherwise ordered by the Court for good cause shown, (ii) the return or destruction of such materials is prohibited by law, or (iii) the document has been filed with the Court or used as an exhibit.

21. Notwithstanding anything to the contrary herein, the parties to the above-captioned case shall have no obligation under this Order with respect to information that:

    a. is or becomes publicly available (except as by unauthorized disclosure); or

    b. is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

22. This Order in no way alters or supersedes the parties' responsibilities under the E-Government Act of 2002, this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

23. Any party to the above-captioned case may petition this Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings.

24. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

    a. operate as an admission that any particular discovery material constitutes, contains, or reflects confidential matter;

    b. prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

    c. prejudice a party from seeking modification or recision of this Confidentiality Agreement; or

    d. prejudice a party from seeking further protection of any confidential information.

25. Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

26. Except as otherwise provided herein, the restrictions and obligations provided in this Order shall not terminate upon the conclusion of this lawsuit but shall continue subject to order of this Court.

**IT IS SO ORDERED.**

**DATED February 21, 2014.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**

## Attachment A

## **ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER**

I, _____, have read and fully understand the Agreed Protective Order filed in <u>United States v. LCW Family Limited Partnership et al.</u>, Civil Action No. 8:13-cv-00350 (D. Neb.). I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the District of Nebraska, or any other court having jurisdiction over the matters in this lawsuit, for any proceedings with respect to said Order. I will not divulge to persons other than those specifically authorized by paragraph 15 of the Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Order. I hereby agree that upon notification of the conclusion of this case, including any subsequent appeals, I shall return all originals and copies of confidential material (and all summaries thereof) to the producing party or the producing party's counsel or representative, or certify that all such documents have been destroyed.

Dated: _____     _____
                                                  (Signature)

                                                  _____
                                                  (Print Name)

                                                  _____
                                                  (Home Address)

                                                  _____
                                                  (Home Address Continued)